**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mickey Wahl, | No. CV-18-00046-TUC-DCB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), for a Report and Recommendation (R&R). On January 19, 2021, Magistrate Judge Rateau issued a R&R recommending that the Court deny the Petition for Writ of Habeas Corpus (Doc. 1). The Court adopts the R&R and denies the Petition.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a de novo determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. See also, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the motions to dismiss.

OBJECTIONS

Petitioner Wahl objects to the facts of the case as recited in the R&R "to the extent they differ from the recitation of facts and issues as presented with record citations in the Petition for Writ of Habeas Corpus and Supplementation." ((Objection (Doc. 44) at 2 (citing Petition (Doc. 1); Exhibits #17, Supplement (Doc. 35)). Petitioner believes the recitation of facts gleaned by the Magistrate Judge from the Court of Appeals' summation "has the potential to misstate the facts" because it is "without transcript and other case file reference citations and cannot replace the actual presentation of evidence and arguments as reflected in the transcript and other record citations listed in Petitioner's pleadings, including . . . the Petition and supplementation in this Court." *Id.* at 2. Petitioner does not, however, identify in the Objection what important facts or referenced citations have been

omitted by the Magistrate Judge or the Court of Appeals relevant to disposition of his Petition, which this Court should consider here.

This Court further summarizes the facts of the case with even greater brevity. The Petitioner Defendant got into a fight outside a bar with S.C., a man, who Defendant had had prior incidents with because the two men had dated the same two women off and on. The two men fought outside the bar before Wahl got in his truck and attempted to leave. S.C. approached Wahl, who was in his truck trying to leave, and an altercation ensued between the two at the driver-side window. S.C's arm was pinned in Wahl's rolled up window when Wahl drove off, speeding up to the point where S.C. could no longer run next to the truck. S.C. eventually fell, and he was run over by the truck. His head was crushed, and he died.

Wahl was charged with manslaughter, a Class 2 felony, and negligent homicide, a Class 4 felony. A jury convicted him of manslaughter and sentenced to a presumptive prison term of 10.5 years.

A person commits manslaughter by "[c]ommitting second degree murder as prescribed in § 13-1104, subsection A upon a sudden quarrel or heat of passion resulting from adequate provocation by the victim." A.R.S. § 13-1103(A)(2). A person commits second-degree murder when, without premeditation, the person either intentionally causes the death of another person or recklessly engages in conduct that creates a grave risk of death and thereby causes the death of another person, while manifesting extreme indifference to human life. A.R.S. § 13-1104(A)(1), (3).

The Magistrate Judge correctly found that the Petitioner brings grounds 1 through 10 for ineffective assistance of counsel (IAC) claims against his trial counsel for the first time in his habeas Petition and they are procedurally defaulted. She recommends that the Court reject the Petitioner's assertion that his Post-conviction Relief (PCR) counsel was ineffective by failing to properly present his ineffective assistance of trial counsel claims to the state courts and, therefore, the procedural default of the IAC claim is excused under *Martinez v. Ryan*, 566 U.S 1 (2012). The IAC claims are otherwise procedurally defaulted

and barred from review by this federal court. (R&R (Doc. 35) at 5.) The Magistrate Judge recommends that the IAC Grounds 1 through 10, except for Ground 2 is wholly lacking in merit and does not warrant review under *Martinez*. As to Ground 2, the Magistrate Judge finds no prejudice resulted from any ineffectiveness of PCR counsel to present this ground for collateral review at the state level. The Petitioner objects and asserts that all his claims are at least sufficiently meritorious to warrant a hearing under *Martinez*.

The Petitioner brings two claims, Grounds 11 and 13, for prosecutorial misconduct which were exhausted in the state courts and, therefore, subject to review on the merits. The Magistrate Judge recommends these claims be dismissed because the state court's dismissal of them for lack of merit was not an unreasonable application of law. The Petitioner objects to this finding.

In Ground 12, the Petitioner alleges that there was insufficient evidence to support the manslaughter conviction because the evidence showed the victim, S.C., was the aggressor and was run over by the truck due to his attacking the Defendant, who was trying to get away from S.C. and driving away in self-defense. (Supplement (Doc. 17) at 22-24); (Petition (Doc. 1) at 13, 88). The Magistrate Judge found that the Petitioner submitted this claim of insufficient evidence to the state courts but relied solely on state law and, therefore, the federal claim was not exhausted. Like the IAC claims, Ground 12 is procedurally defaulted and precluded from review by this Court. The Petitioner objects to the procedural bar because "Claim 12 raises a free-standing actual innocence/insufficiency of the evidence claim, asserting that no reasonable jury could have found guilt (absent the errors) and that due process and fundamental fairness is violated form the conviction pursuant to the 5th and 14th Amendments as well as *Jackson v. Virginia*, 433 U.S. 307 (1979)." (Objection (Doc. 44) at 5.)

In addition to objecting the Magistrate Judge's recitation of the facts, the Petitioner argues that all of his claims must be considered on the merits as argued and detailed in the pleadings considered by the Magistrate Judge, and she should have concluded at the very least he is entitled to an evidentiary hearing.

First, the Magistrate Judge did consider, generally, the merits of the unexhausted IAC Grounds 1 through 10, and the merits of the exhausted claims. (R&R (Doc. 35) at 7-27.)

The Magistrate Judge considered, generally, the merits of all the IAC grounds alleged in the Petition and found there was no merit to any of them, except there was some merit to the IAC claim in Ground 2, but found Ground 2 too weak to establish cause for the default under *Martinez* for the failure to exhaust it. She addressed Grounds 11 and 13 on the merits because they were raised and exhausted in the state courts. The only claim not considered on the merits was Ground 12, the claim of insufficient evidence. She found Ground 12 to be barred from review even though it was presented to the state courts because he based it exclusively on state law and did not identify any federal basis for relief. (R&R (Doc. 35) at 27) (citing to the record). Consequently, Ground 12 was defaulted and procedurally barred from review by this Court.

Petitioner objects, but like he did to the Magistrate Judge's summary of the case he fails to present arguments as to why the Magistrate Judge's conclusions regarding the merits of the grounds are wrong. The Court has reviewed the R&R and the Petitioner's briefs and agrees with the Magistrate Judge's conclusions and her reasoning for concluding that the Petition's grounds for relief lack merit.

The Court will assume that the Magistrate Judge correctly found that the IAC claim, Ground 2, might have some merit because it would not have hurt the Defendant's case to ask for a jury instruction to define "unlawful physical force" as including "endangerment, threatening and intimidation assault, and aggravated assault." (R&R (Doc 35) at 12-14.) The Court agrees with the Magistrate Judge's assessment under *Strickland v. Washington*, 466 U.S. 668 (1984), that PCR counsel was not ineffective by not challenging trial counsel's failure to request this instruction. (R&R (Doc. 35) at 29-30.) The Magistrate Judge correctly found that the self-defense instruction given and the facts in this case did not allow the jury to speculate about the victim's behavior and perhaps disregard all the self-defense evidence. The evidence was clear that there was physical contact between the

Defendant and the victim. The jury was instructed that if it determined the victim, S.C., was in the process of unlawfully or forcefully entering an occupied vehicle, then the Defendant had no duty to retreat before threatening or using physical force or deadly physical force. *Id.* In short, the Court gave the jury an instruction that adequately presented his asserted defense.

Grounds 1 though 10

"Federal habeas review is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1238 (9th Cir. 2019), cert. granted sub nom. *Shinn v. Ramirez*, No. 20-1009, 2021 WL 1951793 (U.S. May 17, 2021) (citing *Coleman v Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court in *Martinez* recognized that under such circumstances the showing of cause and prejudice necessary to excuse a failure to exhaust could be established if PCR counsel was ineffective and this caused prejudice to the Defendant. *Id.*

The Magistrate Judge correctly found that the IAC claims, based on Grounds 1 through 10, are procedurally defaulted because they were not raised in the state courts, but that ineffective assistance of post-conviction counsel may excuse Wahl's procedural default under *Martinez*, 566 U.S. at 9, if: (1) the underlying ineffective assistance of counsel claim is "substantial;" (2) the petitioner was not represented or had ineffective counsel during the PCR proceeding; (3) the state PCR proceeding was the initial review proceeding for the IAC claim; and (4) state law required the petitioner to bring that claim in the initial review collateral proceeding, Trevino v. Thaler, 569 U.S. 413, 423 (2013). Here, only one and two of the relevant factors are at issue. The first factor establishes prejudice; the second establishes cause.

Under *Martinez*, substantial means having some merit such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

(R&R (Doc. 35) at 6-7) (citing *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013)). Applying this standard, *id.* at 6, the Magistrate Judge found no merit to Grounds 1 through 10, except she found some merit to the IAC claim in Ground 2. *Id.* at 12-14. The Court adopts the R&R expressly regarding these findings and analysis. (R&R (Doc. 35) at 7-26.)

For Ground 2, she turned to the second inquiry, "cause," which under *Martinez*, requires Petitioner to demonstrate that post-conviction counsel was ineffective under *Strickland*. "*Strickland* requires demonstrating that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Ramirez*, 937 F.3d at 1241. Here, she took another look at the underlying strength of the IAC claim against trial counsel and found in wanting. (R&R (Doc. 35) at 29-30.)

This Court finds that the outcome of Petitioner's collateral attacked on his conviction would not have been different if PCR counsel had asserted the IAC, Ground 2, claim against trial counsel for failing to seek the jury instruction for "unlawful physical force" as including "endangerment, threatening and intimidation assault, and aggravated assault." The Magistrate Judge correctly found that the self-defense instruction given in Defendant's case, coupled with the facts, did not allow the jury to speculate about the victim's behavior and perhaps disregard all the self-defense evidence. The jury was instructed that if it determined the victim, S.C., was in the process of unlawfully or forcefully entering an occupied vehicle, then the Defendant had no duty to retreat before threatening or using physical force or deadly physical force. *Id.* The instruction sought and given by the trial court was a strong presentation of Defendant's theory of the case, self-defense, to the jury.

While the Magistrate Judge found some merit to this IAC claim for the purpose of assessing prejudice under *Martinez*, this Court finds any merit to the claim to be so weak that it would have failed if urged as a PCR collateral attack. In other words, there was no

reasonable probability that, absent the alleged deficient performance, the result of the post-conviction proceedings would have been different.

The Magistrate Judge did not ignore the Ninth Circuit's recent warning that when a district court considers *Martinez*'s prejudice prong, it must be careful not to "collapse[] what should [be] a two-step process: first decide whether the procedural default is excused, and if so, then address the claim squarely, after allowing a chance for any necessary record or evidentiary development." *Ramirez*, 937 F.3d at 1242, n. 7. She found prejudice based on the general merits of the claims. The Court finds that while Ground 2 may have some merit, sufficient to establish prejudice under *Martinez*, there is no reasonable probability that, if PCR counsel had presented this IAC claim, the result of the post-conviction proceedings would have been different.

Ground 12

The Court turns to the claim of insufficient evidence alleged in Ground 12. The Magistrate Judge found Ground 12 to be barred from review because the claim of insufficient evidence was presented to the state courts based exclusively on state law and did not identify any federal basis for relief. (R&R (Doc. 35) at 27) (citing to the record). Wahl's Objection is "to the contrary," without contrary citation to the record. The Court reviewed the state record, including the PCR Opening Brief (Answer, Ex. G (Doc. 27-7) at 51), the Decision (Doc. 27-10) at 17, and the Petition (Doc. 1) at 73).

The Court is not convinced the insufficient evidence claim presented to the state court is the same as the constitutional claim raised in the Petition. The legal arguments are certainly different. The Defendant's PCR argued there was not substantial evidence presented at trial to support the guilty verdict for manslaughter. The state court considered all the evidence, considered in the light most favorable to sustain the verdict. Here, the Petition, Ground 12, submits that the jury verdict was based on the alleged errors in the proceedings and, therefore, his conviction is a miscarriage of justice. The due process inquiry is one of fundamental fairness.

The Court nevertheless adopts the Magistrate Judge's finding that Ground 12 is

procedurally defaulted because the PCR presented the insufficient evidence claim based exclusively on state law and did not present the federal due process claims. This is an absolutely accurate conclusion based on the state record. The Petitioner is wrong to suggest that his state law claims alleged facts reflecting and requiring the adjudication of the constitutional claims he makes now. The Petitioner must find an exception to the exhaustion bar to secure review in federal court. He turns to *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In his Objection, the Petitioner frames Ground 12 as a free-standing actual innocence/insufficiency of the evidence claim. (Objection (Doc. 44) at 5.) He asserts it as a defense to the failure to exhaust bar because "the whole idea of actual innocence review is that someone should not be punished and denied liberty if they are actually innocent of a crime, and where, as here, the allegation is that there was not sufficient evidence to support the guilty verdict, it necessarily also means that the person is challenging his conviction in the sense that he is actually innocent." *Id.* at 7-8 (citing *Schlup*, 513 U.S. at 327 (further citations omitted)). Petitioner has mixed up two different theories and ignored the cautionary preliminary matter addressed by the court in *Schlup*, to distinguish between actual innocence gateway claims and free-standing claims of actual innocence.

In *Herrera v. Collins*, 506 U.S. 390 (1993), the Supreme Court recognized a claim of innocence can support a novel substantive constitutional claim, namely, that the execution of an innocent person would violate the Eighth Amendment. In *Herrera*, even if the proceedings that resulted in the conviction and sentence were entirely fair and error free, the defendant's actual innocence would render his execution a 'constitutionally intolerable event.'" *Schlup*, 513 U.S. at 313-14 (quoting *Herrera*, 506 U.S. at 419 (O'CONNOR, J., concurring)).The actual innocence claim recognized in *Herrera* is accurately described as an independent avenue for relief based on an assertion of factual innocence and requires evidence that "go[es] beyond demonstrating doubt about his guilt, and [affirmative proof] that he is probably innocent." *Gimenez v. Ochoa*, 821 F.3d 1136,

1145 (2016) (quoting *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir.1997)). Petitioner makes no such showing.

Actual innocence in the context of *Herrera* is a free-standing 8th Amendment claim, which differs from asserting actual innocence as a gateway to relief, such as Petitioner's claim that the Court should excuse any failure to exhaust his claims. To slip past the procedural bar, Petitioner must show "that, in light of [all the evidence, including] any new[1] evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. Under *Schlup*, the evidence must establish sufficient doubt about his guilt to justify the conclusion that his [conviction] would be a miscarriage of justice unless his conviction was the product of a fair trial." *Id.* at 316. Petitioner offers no basis for, and this Court has found none, to deter it from finding, as the Magistrate Judge and state court found, that there is no merit to Petitioner's assertions of error, evidentiary or prosecutorial, to support his assertions that his conviction was a miscarriage of justice based on insufficient evidence.

Grounds 11 and 13

Petitioner alleges that the prosecutor made improper references to blood evidence that did not exist on the Defendant's truck's tire and that trial counsel was ineffective for failing to have the truck tire tested which would have established there was no blood or DNA evidence on the truck's tire. The state court rejected both arguments. It found no prosecutorial misconduct because the question was whether there was blood evidence on the tire and the answer was that the witness did not know. It did not matter whether there was blood evidence on the truck tire because the evidence was undisputed that the Defendant ran over S.C. with his truck and S.C died. Defendant testified that "he did not know that [S.C.] had been run over by his vehicle." (Petition (Doc. 1) at 83.)

The prosecutorial misconduct and IAC claims were exhausted. "Under the AEDPA, a federal court 'shall not' grant habeas relief with respect to 'any claim that was adjudicated on the merits in a State court proceeding' unless the state decision was (1) contrary to, or

---

[1] Petitioner makes no assertion of new evidence.

an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." (R&R) (Doc. 35) at 28 (quoting 28 U.S.C. 2254(d), citing *Williams v. Taylor*, 529 U.S. 362, 384-85 (2000)).

The Court expressly adopts the Magistrate Judge's conclusion "that the state court's finding of no prosecutorial misconduct warranting relief is not contrary to clearly established Supreme Court authority and is not an unreasonable application of that law given the facts and evidence." (R&R (Doc. 35) at 32.) The Court expressly adopts the Magistrate Judge's application of *Strickland* to the state court's determination that Wahl did not make a colorable IAC claim based on trial counsel's failure to have the truck tire tested for blood evidence. This Court agrees that nothing about the state court's decision regarding this IAC claim can be characterized as unreasonable. *Id.* at 32-33.

## CONCLUSION

After de novo review of the issues raised in Petitioner's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R determining its lack of merit. The Court adopts the R&R, and for the reasons stated in the R&R, the Court denies the Petition for Writ of Habeas Corpus (28 U.S.C. § 2254).

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 35) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) (Doc. 1) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability, except for Ground 2 of the Petition, pursuant to Rule 11(a) of the Rules Governing Section 2254 cases because reasonable jurists would

not find the Court's procedural rulings debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that a certificate of appealability is issued for Ground 2, only.

Dated this 11th day of June, 2021.

_____
Honorable David C. Bury
United States District Judge